**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CHARLES KEMPER,**

    **Plaintiff,**

v.                                                                                  Case No.  8:11-cv-732-T-30EAJ

**CORRECTIONS CORPORATION OF**
**AMERICA and JOHN DEAN ELISON,**

    **Defendants.**
_____/

**ORDER**

THIS CAUSE comes before the Court upon Defendant John Dean Elison's Motion to Tax Costs (Dkt. 57) and Plaintiff's Response in Opposition (Dkt. 59). The Court, having reviewed the motion, response, supporting documents, and being otherwise advised in the premises, concludes that the motion should be granted in part.

**STANDARD FOR AWARDING COSTS**

Under Federal Rule of Civil Procedure 54(d)(1), costs "should be allowed to the prevailing party" unless "a federal statute, [the rules of Federal Civil Procedure], or a court order provides otherwise." Defendant John Dean Elison prevailed in this case and is entitled to recover the costs enumerated under 28 U.S.C. § 1920. Under section 1920, a judge or clerk of any court of the United States may tax as costs the following: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for

exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under section 1923 of title 28; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of title 28. *See generally, Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441-42, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987), *superseded on other grounds by* 42 U.S.C. § 1988(c) (finding that 28 U.S.C. § 1920 defines the term "costs" as used in Rule 54(d) and enumerates the expenses that a federal court may tax as a cost under the discretionary authority granted in Rule 54(d)).

## **DISCUSSION**

Defendant John Dean Elison seeks costs in the amount of $9,517.33. Plaintiff objects to a portion of these costs because they are not recoverable under section 1920. The Court agrees that a portion of Elison's costs are not recoverable. For example, Elison cannot recover the costs associated with expert compensation for the report of Dr. Denise Griffin, a non-court-appointed expert. *See Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996); *Harman v. Gee*, 2010 WL 3998096, at *1 (M.D. Fla. Oct. 12, 2010).

Plaintiff is also correct that the fees associated with service of process should be reduced to $55.00 per hour for each item served. *See Lehman Bros. Holdings, Inc. v. Hirota*, 2010 WL 3043653, at *2 (M.D. Fla. July 30, 2010). Given Elison's failure to explain the service of process costs, these costs are recoverable at the rate of $55.00 per item.

Finally, the costs associated with facsimiles and photo copies are not recoverable. Elison does not explain how these costs were necessarily incurred in this case. And they

appear on their face to be costs incurred for the convenience of counsel. Accordingly, Plaintiff should not be required to pay these costs.

In sum, Elison is entitled to $5,775.63 in costs, which reflects the total costs as identified on the Tax Cost Log (Dkt. 57-2) for: removal of this action; fees for records; fees associated with document production; fees for service of process (at the rate of $55.00 per item); and fees for deposition transcripts.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant John Dean Elison's Motion to Tax Costs (Dkt. 57) is granted in part.

2. The Clerk is directed to enter a **Bill of Costs** against Plaintiff and in favor of Defendant John Dean Elison in the amount of **$5,775.63** for taxable costs.

**DONE** and **ORDERED** in Tampa, Florida on January 24, 2013.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2011\11-cv-732.mtcosts57.frm